The initial status conference, currently scheduled for August 30, 2024, is hereby adjourned.

If Plaintiff seeks to respond to Defendants' motion to stay discovery, he shall do so no later than August 1, 2024.

SO ORDERED.

Hon. Ronnie Abrams
July 16, 2024



**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**By ECF**
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

July 15, 2024

**GENAN F. ZILKHA**
phone: (212)356-2212
email: gzilkha@law.nyc.gov

Re:  Rodney Melvin v. City of New York, et al., 24 CV 4118 (RA)

Your Honor:

I am an attorney in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York. We represent Defendants City of New York, Cheryl Leon, Kazimir Vilenchik, Mona Sehgal, Bryan Sanchez, Carolina Marmolejos, and James S. Oddo (collectively "City Defendants") in the above captioned action. City Defendants seek a stay of discovery, and an adjournment of the Initial Case Management Conference scheduled for August 30, 2024 (ECF Dkt. 7), until a determination has been made on their recently filed motion to dismiss the Complaint, and on any subsequent motions to dismiss an amended complaint that may be filed in this action.[1] A stay is warranted as City Defendants have a strong basis for their motion to dismiss, discovery could be broad and burdensome for City Defendants, and a stay would not prejudice Plaintiff Rodney Melvin ("Plaintiff") in any significant way.

A court may issue a stay of discovery for "good cause." Hollins v. U.S. Tennis Ass'n., 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (citing Fed. R. Civ. P. 26(c)). Courts consider several factors when weighing a motion to stay discovery when a motion to dismiss is pending, including "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citing In re Currency Conversion Fee, MDL No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974 (S.D.N.Y. 2002)). Further, "a stay of discovery is

---

[1] Pursuant to the Section 4.C of the Court's Individual Rules of Practice, upon the filing of City Defendants' motion to dismiss, Plaintiff must notify both City Defendants and the Court of any intent to amend. Should Plaintiff amend, City Defendants anticipate moving to dismiss the amended complaint and respectfully request that any stay be granted until City Defendants' motion to dismiss any amended complaint has been decided.

appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'does not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litig., 2002 U.S. Dist. LEXIS 974, at *4 (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)).

Here, consideration of these factors favors a stay. First, City Defendants' motion to dismiss is based on substantial grounds, as detailed in their moving papers and as discussed below. See ECF Dkts. 9-11.

Plaintiff has brought this action challenging the decision of the New York City Department of Buildings ("DOB") to deny his application for a Master Fire Suppression Piping Contractor ("MFSPC") Class B license ("License"). Following Plaintiff's administrative appeal of this denial, and the commencement of a proceeding under Article 78 of the New York Civil Practice Law and Rules ("CPLR"), DOB granted the License application on November 18, 2023. Plaintiff alleges that the initial denial of his License application violated his rights to procedural due process and equal protection. Plaintiff also alleges that DOB's failure to respond to his request under the New York State Freedom of Information Law ("FOIL") was violative of the First Amendment. In addition, Plaintiff alleges a conspiracy to violate his constitutional rights under 42 U.S.C. § 1985 and that the City Defendants failed to intervene in the deprivation of his constitutional rights. In addition to his constitutional claims, Plaintiff also alleges negligence by Defendant Cheryl Leon and negligent hiring and retention by the City of New York. Finally, Plaintiff seeks declaratory and injunctive relief.

Plaintiff's procedural due process claims (Counts I and VI) fail for two reasons. First, Plaintiff did not have a protected property interest in the issuance of the License because "[t]here is no property interest in a prospective application for a license to be issued by a state or municipal agency." Gabris v. NY City Taxi & Limousine Commn., 05 Civ. 8083 (HB), 2005 U.S. Dist. LEXIS 23391, at *7 (S.D.N.Y. Oct. 6, 2005). There can be no procedural due process violation without a protected property interest. See Harrington v. County of Suffolk, 607 F.3d 31, 34 (2d Cir. 2010) ("To state a claim for deprivation of property without due process of law, a plaintiff must identify a property interest protected by the Due Process Clause.")

Second, even if he did have a protected property interest, Plaintiff was able to challenge the denial of his License application administratively and then in a CPLR Article 78 proceeding. A "procedural due process claim is generally precluded where an Article 78 proceeding is available." Salahuddin v. City of Mount Vernon, 20 Civ. 07021 (PMH), 2022 U.S. Dist. LEXIS 32637, at *6 (S.D.N.Y. Feb. 24, 2022).

Plaintiff's equal protection claim (Count II) fails because there is no evidence that DOB's initial denial of Plaintiff's License application was based on an "impermissible motivation." Although Plaintiff alleges disparate treatment based on, inter alia, race, he has not alleged "that the disparate treatment was caused by the impermissible motivation." Bizzarro v. Miranda, 394 F.3d 82, 87 (2d Cir. 2005).

Plaintiff's First Amendment claim (Count IX), which is based on DOB's failure to respond to his request for information under FOIL on December 17, 2022 and April 26, 2024 fails because a "failure to comply with FOIL procedures does not, in and of itself, violate any rights protected by the First Amendment." Simpson v. Town of Southampton, No. 06 Civ. 6743 (JFB) (WDW), 2007 U.S. Dist. LEXIS 43649, at *9 (E.D.N.Y. June 15, 2007).

Plaintiff's claim for failure to intervene (Count VIII) and for Conspiracy under 42 USC § 1985 (Count III) fail because, <u>inter alia</u>, he has no cognizable constitutional claims.

Plaintiff's negligence claim against Defendant Cheryl Leon (Count VII) fails because, <u>inter alia</u>, she is immune from liability. The determination of whether or not to issue the License was discretionary. "New York good faith immunity provides that a government employee is absolutely immune from suit 'for those government actions requiring expert judgment or the exercise of discretion . . .'" <u>Davis v. City of N.Y.</u>, 373 F. Supp. 2d 322, 338 (S.D.N.Y. 2005) (citations omitted). His negligent hiring and retention claim against City Defendants (Count IV) fails because there is no allegation that any of City Defendants' employees were acting outside of the scope of their employment. <u>See Schoolcraft v. City of N.Y.</u>, 103 F. Supp. 3d 465, 521 (S.D.N.Y. 2015). Plaintiff has also failed to plead that he filed a Notice of Claim with the Comptroller of the City of New York – a condition precedent for commencing any tort action against a municipality or its employees under New York State General Municipal Law § 50-e.

Finally, Plaintiff is entitled to neither declaratory nor injunctive relief (Count V). Plaintiff has identified no actual controversy as required for declaratory relief. Further, Plaintiff has not prevailed on the merits of this action as required for injunctive relief.

As City Defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate." <u>Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC</u>, 19 Civ. 07755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3-4 (S.D.N.Y. 2019).

Second, discovery could be extensive and burdensome for City Defendants and "[c]ompliance with discovery . . . would result in a substantial diversion of public resources which may not be ultimately necessary in this action." <u>Chesney</u>, 236 F.R.D. at 116.

Third, Plaintiff would face little prejudice if discovery were stayed. A stay of discovery would not unduly delay the outcome of this case. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." <u>Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citations omitted). Indeed, the resolution of this motion "may obviate the need for potentially onerous discovery." <u>See Josie-Delerme v. Am. Gen. Fin. Corp.</u>, 2008 Civ. 3166 (NG)(MDG), 2009 U.S. Dist. LEXIS 15525, at *5 (E.D.N.Y. 2009).

For all the reasons set forth above, City Defendants request that this Court grant a stay of discovery pending resolution of City Defendants' motion to dismiss together with a stay of the August 30, 2024 conference.

Thank you for your consideration in this matter.

Respectfully submitted,

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York

3

Attorney for City Defendants
100 Church Street
New York, New York 10007
(212) 356-2212

By: _____

Genan F. Zilkha
Assistant Corporation Counsel

CC: Rodney Melvin, Plaintiff *Pro Se*, by ECF

4

**CERTIFICATE OF SERVICE**

GENAN F. ZILKHA, an attorney admitted to practice before this Court certifies that I caused the within Letter re: Case No. 24-cv-04118 (RA) to be served by ECF on Plaintiff Rodney Melvin who consented to receive electronic service via the ECF system (see ECF doc. 4) and that I caused copies of decisions that are reported exclusively on computerized databases, to be served on Plaintiff via email at rm77788@aol.com.

Dated: New York, New York
July 15, 2024

BY: _____
Genan F. Zilkha

5