UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RODNEY MELVIN,

                Plaintiff,

v.

CITY OF NEW YORK, CHERYL LEON, (in official capacity) KAZIMIR VILENCHIK, (in official capacity) MONA SEHGAL, BRYAN SANCHEZ, (in official capacity) CAROLINA MARMOLEJOS, (in official capacity) JAMES S. ODDO, (in official capacity) and JOHN DOES 1-10,

                Defendants.

24-CV-4118 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Rodney Melvin filed this *pro se* action against the City of New York and New York City Department of Buildings (the "DOB") officials Cheryl Leon, Kazimir Vilenchik, Mona Sehgal, Bryan Sanchez, Carolina Marmolejos, and James Oddo (collectively, "Defendants"), asserting claims under 18 U.S.C. §§ 1983 and 1985 for violations of his First, Fifth, and Fourteenth Amendment rights, as well as state law claims for negligent hiring and retention, negligence, and failure to intervene. He also seeks declaratory judgment and a permanent injunction against the City of New York. Before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' motion is granted with respect to Melvin's federal claims. The Court declines to exercise supplemental jurisdiction over his state law claims.

## BACKGROUND

The following facts are drawn from the complaint and the documents attached thereto, *see* ECF No. 1 ("Compl."). For the purposes of this motion, the Court "accept[s] all factual allegations

as true and draw[s] all reasonable inferences in favor of the plaintiff." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018).

On April 9, 2022, Melvin applied to the DOB for a Master Fire Suppression Piping Contractor ("MFSPC") Class B license (the "License Application"). Compl. ¶ 29. The DOB denied his application on July 20, 2022, based on its determination that he lacked the requisite design and installation experience. *Id.* ¶ 31. Following the denial, Melvin undertook simultaneous efforts to challenge the DOB's decision, clarify the nature of the design and installation experience required for licensure, and obtain DOB application records through New York's Freedom of Information Law ("FOIL").

First, on August 10, 2022, Melvin filed a FOIL request with the DOB seeking all Master Plumber and MFSPC experience verification forms from July 1, 2019 through April 9, 2022. Compl. ¶ 32. Although the DOB initially denied that request, Melvin appealed, and the request was granted on February 6, 2023. *Id.* ¶¶ 38–39.

On September 15, 2022, through counsel, Melvin submitted a request to the DOB for reconsideration of his application. Compl. ¶ 33. The DOB denied that request on March 7, 2023. *See* Compl., Ex. A at 3. In the intervening period, Melvin sought clarification from the DOB regarding the design and planning experience required for licensure, including during a November 30, 2022 industry meeting, Compl. ¶ 35, by letter dated December 5, 2022 (to which the DOB did not respond), *id.* ¶ 36, Ex. M, and by email, *id.* ¶ 37, Ex. K.

On May 17, 2023, Melvin initiated an Article 78 proceeding in New York Supreme Court challenging the denial of the License Application. *Id.* ¶ 52. On August 2, 2023, the DOB granted Melvin an MFSPC license after determining that that he met the minimum experience

requirements for licensure,[1] *id.* ¶ 66, Ex. N, rendering the Article 78 proceeding moot, *id.* ¶ 65.

On April 4, 2023, before initiating the Article 78 proceeding, Melvin filed a complaint with the New York State Division of Human Rights ("NYSDHR") charging the DOB with discriminating against him on the basis of race and age. *See* Zilka Decl. (ECF No. 10), Ex. 2.[2] The DOB responded to the NYSDHR complaint on December 4, 2023. *See id.*, Ex. 3. On April 26, 2024, NYSDHR issued a determination that there was "no probable cause to believe that [the DOB] ha[d] engaged or [wa]s engaging in the discriminatory practice complained of." *Id.*, Ex. 4. Melvin did not appeal that determination.

Melvin commenced this action on May 28, 2024, asserting claims for damages under 18 U.S.C. §§ 1983 and 1985 and state law and seeking a declaratory judgment and injunctive relief. *See* ECF No. 1. Now before the Court is Defendants' motion to dismiss, *see* ECF No. 9 ("Mot."), Melvin's opposition, *see* ECF No. 23 ("Opp'n"), Defendants' reply, *see* ECF No. 26, and Melvin's sur-reply, *see* ECF No. 28. The Court stayed discovery pending resolution of the motion to dismiss. *See* ECF 25.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, in "considering a motion to dismiss . . . the court

---

[1] Defendants contend that the DOB ultimately granted Melvin's application "because [it] determined he had the requisite experience under the version of Administrative Code § 28-410.4.1(1) that took effect on November 1, 2022." Mot. at 4 n.2.

[2] "On a motion to dismiss, a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, and documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit." *Kasilingam v. Tilray, Inc.*, No. 20-CV-03459, 2024 WL 4350118, at *7 (S.D.N.Y. Sept. 30, 2024). Accordingly, the Court considers the documents related to Melvin's NYSDHR complaint, which Defendants filed in support of their motion to dismiss, and which Melvin necessarily had knowledge of and relied on in bringing this action. *See* Zilkha Decl., Exs. 2–4, ECF Nos. 2–17.

3

is to accept as true all facts alleged in the complaint . . . [and] draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 237 (2d Cir. 2007).[3] "This rule applies with particular force where [the] plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Indeed, "[w]here, as here, the complaint was filed *pro se,* it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). In answering this question, the Court must "accept as true all factual allegations . . . but [is] not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

## DISCUSSION

### I. Equal Protection Claims under 18 U.S.C. § 1983

Melvin principally alleges that Defendants' denial of the License Application violated the Fourteenth Amendment's Equal Protection Clause. Defendants respond that Melvin's equal protection claims are precluded by a prior determination of the NYSDHR and that, even if

---

[3] Unless otherwise indicated, this opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

preclusion does not apply, Melvin fails to state a claim. Although Melvin's claims are not precluded by the NYSDHR's determination, the Court nonetheless agrees with Defendants that his complaint fails to plausibly allege a violation of the Equal Protection Clause.

### A. The Preclusive Effect of Melvin's Prior NYSDHR Action

Defendants first argue that the NYSDHR's April 26, 2024 determination that there was "no probable cause to believe" that the DOB "ha[d] engaged or [was] engaging in" an "unlawful discriminatory practice relating to employment because of age, race/color, [or] opposed discrimination/retaliation," Zilkha Decl., Ex. 4, precludes Melvin from bringing his equal protection claim in federal court. "It is settled law that preclusion by collateral estoppel of a § 1983 claim based on a state agency finding of no probable cause—not subsequently affirmed by a court—turns on whether that finding would be preclusive in state court." *Basak v. New York State Dep't of Health*, 9 F. Supp. 3d 383, 394 (S.D.N.Y. 2014). Under New York law, collateral estoppel applies only where there is an "identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and where the party against whom estoppel is sought had "a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Public Admin.*, 24 N.Y.2d 65, 71 (1969). "The burden of proving identity of the issue rests on the proponent of collateral estoppel, while the opponent bears the burden of proving that he did not have a full and fair opportunity to litigate the issue." *Jeter v. New York City Dep't of Educ.*, 549 F. Supp. 2d 295, 305 (E.D.N.Y. 2008).

Even if Defendants have met their burden of establishing the requisite similarity of the issues, the prior NYSDHR proceedings did not afford Melvin a full and fair opportunity to litigate his claims, and he is thus not precluded from bringing them again in federal court. Apparently without representation, *see* Mot. at 14 n.6, Melvin submitted a complaint to the NYSDHR, along

5

with supporting documentation, *see* Zilkha Decl., Ex. 2, to which the DOB submitted a response, *see id.*, Ex. 3. The NYSDHR investigated the complaint and issued a finding of "no probable cause." *See id.*, Ex. 4. There is no indication, however, that any discovery was conducted, that any witnesses were interviewed, or that any type of hearing was held. Moreover, because Melvin was acting *pro se* in the NYSDHR proceeding, he "could not have been expected or able to frame h[is] evidence within the context of the specific legal issues" or to have "known what facts were most relevant or persuasive in proving h[is] case." *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 736 (2d Cir. 2001). Courts in this circuit have concluded that similar NYSDHR proceedings are insufficient to "adequately test[]" or "fully air[]" the relevant issues, and thus do not preclude a plaintiff from subsequently bringing the same claims in federal court. *Id.*; *see also Basak*, 9 F. Supp. 3d at 398–99 (collecting cases); *Jeter*, 549 F. Supp. 2d at 304–05. The Court reaches the same conclusion here, and accordingly considers the merits of the equal protection claim.

### B. The Sufficiency of Melvin's Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment prohibits states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The government must thus "treat all similarly situated people alike," *Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2003), a requirement that extends to municipal government actors, *see, e.g., Willowbrook v. Olech*, 528 U.S. 562, 565 (2000). A plaintiff may bring an equal protection claim under a theory of either "selective enforcement" or "class of one" discrimination. *See Hu v. City of N.Y.*, 927 F.3d 81, 91 (2d Cir. 2019). The Court construes the Complaint to allege only selective enforcement. *See* Compl. ¶¶ 95–128.

To state an equal protection claim based on a theory of selective enforcement, a plaintiff

6

must demonstrate that: "(1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person." *Hu*, 927 F.3d at 91. "A plaintiff cannot state a selective enforcement claim simply by alleging disparate treatment." *Marom v. Town of Greenburgh*, No. 18-CV-7637, 2020 WL 4891339, at *4 (S.D.N.Y. Aug. 19, 2020). "Instead, he must prove that the disparate treatment was *caused by* the impermissible motivation." *Hu*, 927 F.3d at 91.

Melvin alleges that Defendants denied his license application based on his race and age.[4] In support of this allegation, he pleads details about six comparators—whose experience verification forms he obtained through FOIL—who he alleges are younger than him and non-Black, and who were granted licenses despite possessing qualifications inferior to his. Compl. ¶¶ 112–115. Even assuming that these comparators were similarly situated to Melvin at the time they submitted their applications, Melvin nonetheless fails to plausibly allege that any disparate treatment between his license application and those of the comparators was caused by an impermissible motivation.

First, with respect to race, the Complaint and exhibits provide no basis for the Court to reasonably infer that Defendants knew Melvin's race or that of any other applicant during the licensing process. Indeed, the Complaint does not allege that the DOB knew or had reason to know the race of any applicant, and neither Melvin's nor any comparator's application form—all

---

[4] "[I]t is an open question in this Circuit whether age discrimination is an appropriate basis for a § 1983 cause of action, especially in the absence of an ADEA cause of action." *McMunn v. Vill. of Quogue*, No. 21-CV-2805, 2024 WL 3813381, at *9 (E.D.N.Y. June 27, 2024). Because of "the significant number of courts that have concluded that age-based section 1983 equal protection claims are viable," however, the Court will address Melvin's § 1983 age discrimination claims here. *Id.* (collecting cases).

7

of which are attached to the Complaint—contains information about any comparator's race. *See* Compl., Exs. E–J; *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146–47 (2d Cir. 2011) ("[W]here a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true."). Defendants could not have discriminated against Melvin—nor impermissibly favored other applicants—based on race if they did not know his or any other applicant's race. *Cf. Kelly v. Rice*, 375 F. Supp. 2d 203, 210 (S.D.N.Y. 2005) (dismissing selective enforcement claim where the defendant police officer "targeted [the plaintiff's] car for attention at a time when he could not possibly have known who the owner of the car was or what the owner's race was"). Melvin's conclusory allegations are therefore "insufficient to raise an inference of discrimination and do not provide at least minimal support for the proposition that [Defendants were] motivated by discriminatory intent." *Karim v. New York City Health & Hosps. Corp.*, No. 17-CV-6888, 2019 WL 1495098, at *6 (S.D.N.Y. Mar. 6, 2019), *aff'd,* 834 F. App'x 651 (2d Cir. 2021).

Second, regarding age discrimination, although Melvin describes himself as "middle-aged," Compl. ¶ 42, his NYSDHR complaint indicates that he was born in 1988. *See* Zilkha Decl., Ex. 2 at 12. Melvin does not allege the comparators' ages, but their MFSPC license applications indicate that one began working in the field as early as 1985—three years before Melvin was born, *see id.*, Ex. I, another began as early as 1998, when Melvin was approximately 10 years old, *see id.*, Ex. E, two others began as early as 2009, when Melvin was just 21 years old, *see id.*, Exs. F, G, and the last began as early as 2011, when Melvin was 23 years old, *see id.* Ex. H. Based on this information, the Court cannot reasonably infer that any of the comparators is significantly younger than Melvin. He therefore fails to plausibly allege that he was subject to disparate treatment based on his age, much less that any alleged disparate treatment was the product of an

impermissible motivation.

Accordingly, the equal protection claim is dismissed.

## II.        Procedural Due Process Claims under 18 U.S.C. § 1983

Melvin next alleges that Defendants violated his Fifth and Fourteenth Amendment due process rights when they denied his application "based on incorrect information and misapplication of the law," Compl. ¶ 76, and "without adequate explanation or opportunity to address the deficiencies cited by the [DOB]," *id.* ¶ 158.

"To succeed on a claim of procedural due process deprivation—that is, a lack of notice and opportunity to be heard—a plaintiff must establish that state action deprived him of a protected property interest." *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 995 (2d Cir. 1997). A property interest is constitutionally protected where the plaintiff has "a legitimate claim of entitlement" to the property that goes beyond "an abstract need or desire for it" or "a unilateral expectation of it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972). Whether an applicant for a license has a legitimate claim of entitlement to the license depends on the "degree of discretion enjoyed by the issuing authority." *RRI Realty Corp. v. Incorporated Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989). "When the issuing authority has broad, significant discretion to deny an application based on a number of factors or criteria, the presence of that discretion precludes any legitimate claim of entitlement." *Spanos v. City of New York*, No. 15-CV-6422, 2016 WL 3448624, at *2 (S.D.N.Y. June 20, 2016), *aff'd,* 672 F. App'x 124 (2d Cir. 2017). Conversely, if the licensing authority's discretion "is so narrowly circumscribed that approval of a proper application is virtually assured," the plaintiff has a legitimate claim of entitlement and thus a protected property interest. *Walz v. Town of Smithtown*, 46 F.3d 162, 168 (2d Cir. 1995).

9

The New York City Administrative Code was amended in November 2022, and the DOB thus initially considered the License Application pursuant to a version of the Administrative Code that took effect in 2014. *See* Compl., Ex. A. The then-operative Administrative Code vested the DOB commissioner with authority to issue MFSPC licenses to applicants who had "submitted satisfactory evidence of [their] qualifications," N.Y.C. Admin. Code § 28-401.10 (2014), which included "proof establishing that the applicant" met extensive experiential and educational requirements set forth in the Code. *Id.* § 28-410.4. This scheme indicates that the DOB commissioner had significant discretion to determine whether an applicant met the requirements for licensure, which "vitiates any valid claim of a protected property interest" in the prospective license. *Spanos*, 2016 WL 3448624, at *3. Moreover, even if Melvin possessed a valid property interest in the prospective license, the Complaint and exhibits clearly demonstrate that he was not deprived of procedural due process, as he had the opportunity to—and did, in fact—challenge the denial in an Article 78 proceeding. *See Weidner v. City of New York*, No. 16-CV-6935, 2017 WL 2984021, at *3 (S.D.N.Y. June 20, 2017) (concluding that the availability of an Article 78 proceeding affords adequate due process to challenge denial of MFSPC license); *see also Spanos*, 2016 WL 3448624, at *3 (collecting cases).

Accordingly, the Fifth and Fourteenth Amendment procedural due process claims are dismissed.

**III.    Fifth Amendment Right against Self-incrimination Claim under 18 U.S.C. § 1983**

Melvin next alleges that Defendants violated his Fifth Amendment right against self-incrimination. Construing the complaint liberally, the Court interprets it to allege as follows: New York law makes the unlicensed practice of architecture or engineering a class E felony, *see* N.Y. Educ. Law § 6512, and the then-operative New York City Administrative Code required an

10

MFSPC applicant to demonstrate proficiency in fire suppression system design—without defining the activities that constitute "design," *see* N.Y.C. Admin. Code § 28-410.4 (2014); thus, a MFSPC applicant might have been compelled to reveal to the DOB that, in designing fire suppression systems, he had engaged in the unlicensed practice of architecture or engineering, *see* Compl. ¶¶ 154–56; Opp'n at 6.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. "It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States,* 406 U.S. 441, 444–45 (1972). "The Supreme Court has held, however, that a party is not compelled to be a witness against himself, and, consequently that there is no Section 1983 claim for violation of the Self–Incrimination Clause, where the statements at issue were not used against the speaker in a criminal proceeding." *Nnebe v. Daus*, 665 F. Supp. 2d 311, 333 (S.D.N.Y. 2009) (Sullivan, J.) (citing *Chavez v. Martinez,* 538 U.S. 760, 767 (2003) (plurality opinion)), *aff'd in part, vacated in part on other grounds,* 644 F.3d 147 (2d Cir. 2011). Melvin does not allege that his statements were used against him in a criminal proceeding.

Accordingly, the Fifth Amendment claim is dismissed.

IV.   **First Amendment Claims under 18 U.S.C. § 1983**

Melvin also alleges that Defendants violated his First Amendment rights by (1) denying his FOIL requests; (2) denying his application and thereby "suppress[ing] [his] ability to engage in professional speech in his field;" and (3) failing to respond to his inquiries seeking clarification of the MFSPC licensing requirements. *See* Compl. ¶¶ 177–79. The Court addresses each in turn.

11

First, regarding the denial of Melvin's FOIL requests, this claim is "foreclosed by a long line of precedent holding that FOIL violations do not constitute federal constitutional claims sufficient to state a claim pursuant to Section 1983." *Reid v. City of New York*, No. 20-CV-9243, 2022 WL 2967359, at *12 (S.D.N.Y. July 27, 2022); *see also Simpson v. Town of Southampton*, No. 06-CV-6743, 2007 WL 1755749, at *4 (E.D.N.Y. June 15, 2007) (Bianco, J.) ("A failure to comply with FOIL procedures does not, in and of itself, violate any rights protected by the First Amendment."). Melvin therefore fails to adequately plead a First Amendment violation arising out of the denial of his FOIL requests.

Second, with respect to the alleged infringement on Melvin's "professional speech," Compl. ¶ 178, "[t]he First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech, and professionals are no exception to this rule." *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755, 769 (2018). The MFSPC licensing scheme "fall[s] within the traditional purview of state regulation of professional conduct," *id.*, and thus the denial of Melvin's application did not violate his First Amendment rights.

Lastly, Melvin alleges that Defendants' failure to respond to his formal inquiries seeking clarification of the MFSPC licensing requirements "effectively den[ied] his right to petition the government for a redress of grievances." Compl. ¶ 179. Melvin is correct that the First Amendment "protects a right to . . . petition the government for the redress of grievances." *Ayala-Rosario v. Westchester Cnty.*, No. 19-CV-3052, 2020 WL 3618190, at *5 (S.D.N.Y. July 2, 2020). "However, the right to petition in general guarantees only that individuals have a right to communicate directly to government officials," not that an official "will necessarily act a certain way or respond in a certain manner to requests from his constituents." *Futia v. United States*, No.

22-CV-6965, 2023 WL 3061903, at *6 (S.D.N.Y. Apr. 24, 2023), *aff'd,* No. 23-860, 2024 WL 2151115 (2d Cir. May 14, 2024), *cert. denied,* 145 S. Ct. 593 (2024), *reh'g denied,* No. 24-364, 2025 WL 581866 (U.S. Feb. 24, 2025).  In other words, "the right to petition the state does not mean there is a right to a response." *Futia v. New York*, 837 F. App'x 17, 20 (2d Cir. 2020) (summary order).  The Complaint therefore fails to plausibly allege that Defendants violated Melvin's constitutional right to petition the government.

Accordingly, the First Amendment claims are dismissed.

### V.    18 U.S.C. § 1985 Conspiracy

Melvin next alleges that the purported violations of his constitutional rights were the object of a conspiracy between the individual Defendants.  "To survive a motion to dismiss, [a Section 1985] claim must allege facts plausibly suggesting that: (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on plaintiff, and (2) an overt act was committed in furtherance of that goal." *Edwards v. Gutwein*, No. 21-CV-03183, 2022 WL 1093558, at *8 (S.D.N.Y. Apr. 7, 2022).  Thus, to adequately plead a Section 1985 conspiracy claim, a plaintiff must "allege the actual deprivation of constitutional rights." *Id.*; *see also Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) ("A violated constitutional right is a natural prerequisite to a claim of conspiracy to violate such right.").  "[I]f a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights." *Romer*, 119 F. Supp. 2d at 363.  As discussed above, Melvin has failed to plausibly allege a violation of his constitutional rights.

Accordingly, the conspiracy claim must be dismissed.

### VI.    *Monell* Claims

To the extent that Melvin brings his Section 1983 claims against the City of New York,

those claims must too be dismissed. "A Section 1983 claim against a municipality is governed by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), and its progeny." *Certified Collision Experts, Inc., v. Town of Babylon*, No. 23-CV-08524, 2024 WL 4904161, at *4 (E.D.N.Y. Nov. 27, 2024). "*Monell* expressly prohibits *respondeat superior* liability for municipalities . . . meaning that a plaintiff must demonstrate that through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 97–98 (2d Cir. 2020). "*Monell* requires (among other things) an underlying constitutional violation," *Certified Collision Experts*, 2024 WL 4904161, at *7, which, as discussed, Melvin has failed to plausibly allege, thereby defeating the claim, *see Goe v. Zucker*, 43 F.4th 19, 34 (2d Cir. 2022) (affirming dismissal of *Monell* claim for lack of an underlying constitutional violation); *Anilao v. Spota*, 27 F.4th 855, 874 (2d Cir. 2022) (same).

Accordingly, the Section 1983 claims against the City of New York are dismissed.

### VII. Equitable Relief

In addition to damages, Melvin seeks equitable relief in the form of (1) a declaratory judgment against the City of New York declaring Defendants' acts and omissions unlawful; and (2) a permanent injunction against the City of New York "directing their Staffs [*sic*] to take affirmative steps necessary to prevent recurrence of the alleged unlawful actions." Compl. ¶ 152. The Court addresses each in turn.

First, Melvin's application for declaratory judgment is barred because the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Moreover, "dismissal of a declaratory judgment action is warranted where the declaratory relief plaintiff seeks is duplicative of his other causes of action." *Kuhns v. Ledger*, 202

F. Supp. 3d 433, 443 (S.D.N.Y. 2016). A judgment in Melvin's favor on his constitutional claims would serve the same purpose as a declaration that Defendants' actions were unconstitutional. The request for declaratory judgment is therefore denied.

Second, Melvin is not entitled to a permanent injunction because "[t]he party requesting permanent injunctive relief must demonstrate (1) irreparable harm (here, a constitutional violation) and (2) actual success on the merits." *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2011). The Court has dismissed Melvin's constitutional claims, and he thus cannot demonstrate actual success on the merits. The request for injunctive relief is therefore denied.

Accordingly, the Court denies Melvin's claims for equitable relief.

## VIII. State Law Claims

Finally, Melvin brings state law claims for negligent hiring and retention against the City of New York, Compl. ¶¶ 143–48, negligence against Defendant Leon, *id.* ¶¶ 165–71, and failure to intervene against Defendants Leon, Maramlejos, and Oddo, *id.* ¶¶173–75. Although federal district courts have supplemental jurisdiction over non-federal law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a district court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Here, the Court has granted Defendants' motion to dismiss as to all of Melvin's federal claims. "Because the Court addressed and dismissed

15

these claims early in the litigation, declining jurisdiction over the remaining state and municipal claims would not disserve the principles of judicial economy, convenience, or fairness." *Anderson v. New York City Dep't of Fin.*, No. 19-CV-7971, 2020 WL 1922624, at *10 (S.D.N.Y. Apr. 21, 2020).

Accordingly, the Court declines to exercise supplemental jurisdiction.

### IX. Leave to Amend

"A district court ordinarily should not dismiss a *pro se* complaint for failure to state a claim without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Futia*, 2023 WL 3061903, at *8. However, with respect to Melvin's First Amendment, Fifth Amendment, and Fourteenth Amendment procedural due process causes of action, the Court finds that the defects are substantive and would not be cured by improved pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The Court therefore dismisses those claims with prejudice and denies leave to replead. Regarding Melvin's Fourteenth Amendment equal protection claim, "it cannot be concluded that [he] cannot cure [the] deficiencies in the complaint." *Johnson v. AFNI, Inc.*, No. 22-CV-2930, 2023 WL 2970919, at *3 (S.D.N.Y. Apr. 15, 2023). The Court therefore dismisses that claim without prejudice. Melvin may file an amended complaint within thirty (30) days repleading his equal protection claim, provided he has a good faith basis for doing so.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is granted, albeit without prejudice to refiling the equal protection claim within thirty (30) days if Melvin has a good faith basis to do so. In light of the Court's ruling, Melvin's motions to stay all proceedings and to lift the stay of discovery are denied as moot. *See* ECF Nos. 30, 36. The Clerk of Court is respectfully directed

to terminate the motions pending at ECF Nos. 9, 30, 34, and 36.

SO ORDERED.

Dated:       March 4, 2025
                New York, New York

                                                        Ronnie Abrams
                                                        United States District Judge