

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GENAN F. ZILKHA**
phone: (212)356-2212
email: gzilkha@law.nyc.gov

April 17, 2025

**By ECF**
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: Rodney Melvin v. City of New York, et al., 24 CV 4118 (RA)

Your Honor:

    I am an attorney in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York. We represent Defendants CHERYL LEON, KAZIMIR VILENCHIK, MONA SEHGAL, and JAMES S. ODDO (collectively "Defendants") in the above captioned action.

    On July 30, 2024, this Court stayed discovery in this action "pending further order of the Court." (ECF No. 25). In its March 4, 2025 decision granting Defendants' motion to dismiss the Complaint, the Court granted Defendants' motion to dismiss the Complaint and denied Plaintiff's motion to lift the stay of discovery as moot (ECF 41).[1] On April 14, 2024, Plaintiff RODNEY MELVIN sought leave to "serve a focused and limited set of Requests for Admission ("RFA") pursuant to Fed. R. Civ. P. 36[.]" Plaintiff's Letter Motion Requesting Leave to Serve Limited Requests for Admissions ("Plaintiff's Motion") (ECF No. 57) at 2. This motion should be denied and the stay of discovery maintained or, in the alternative, a new discovery stay should be granted.

    Defendants respectfully request that the July 30, 2024 stay of discovery (ECF No, 25) be extended, or in the alternative a new stay granted, until a decision on Defendants' motion to dismiss Plaintiff's Amended Complaint is rendered. The continuation of, or the granting of a new, discovery stay is warranted as Defendants have a strong basis for their motion to dismiss, discovery could be broad and burdensome for Defendants, and a stay would not prejudice Plaintiff in any significant way.

---

[1] That decision also permitted Plaintiff to file an amended complaint, and Plaintiff did so on March 16, 2025 (ECF No. 42). Defendants have since moved to dismiss the Amended Complaint and that motion to dismiss is pending.

A stay of discovery is warranted for "good cause." Hollins v. U.S. Tennis Ass'n., 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (citing Fed. R. Civ. P. 26(c)). Courts consider several factors when weighing a motion to stay discovery when a motion to dismiss is pending, including "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citing In re Currency Conversion Fee, MDL No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974 (S.D.N.Y. 2002)). Further, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'does not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litig., 2002 U.S. Dist. LEXIS 974, at *4 (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)).

Here, consideration of these factors favors maintaining, or granting, a new discovery stay. First, Defendants' motion to dismiss is based on substantial grounds, as detailed in their moving papers and as discussed below. See ECF Nos. 47, 48. Plaintiff has brought this action challenging the decision of the New York City Department of Buildings ("DOB") to deny his application for a Master Fire Suppression Piping Contractor Class B license ("License"). Although DOB subsequently granted the License application, Plaintiff alleges in the Amended Complaint (ECF No. 42) that the initial denial of his License application violated his rights to Equal Protection as a class-of-one.

Plaintiff's Equal Protection claim fails because he does not allege that he was "intentionally treated differently from other similarly situated individuals" as required for a class-of-one claim. Assoko v. City of N.Y., 539 F. Supp. 2d 728, 735 (S.D.N.Y. 2008); see also Scott v. Dennison, 739 F. Supp. 2d 342, 361 (W.D.N.Y. 2010) ("To prevail on a 'class of one' equal-protection claim, plaintiff must 'show, not only 'irrational and wholly arbitrary' acts, but also *intentional* disparate treatment.")(quoting Giordano v. City of N.Y., 274 F.3d 740, 751 (2d Cir. 2001)(emphasis added). Thus, Defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, [and] a stay of discovery is appropriate." Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC, 19 Civ. 07755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3-4 (S.D.N.Y. 2019).

Second, based on Plaintiff's history of filing, inter alia, extensive requests under the New York Freedom of Information Law, discovery may be extensive and burdensome for Defendants and "[c]ompliance with discovery . . . would result in a substantial diversion of public resources which may not be ultimately necessary in this action." Chesney, 236 F.R.D. at 116.

Plaintiff's proposed RFAs are indicative of the potential burdensome nature of Plaintiff's discovery requests. Plaintiff argues that these RFAs "go to the heart of the Equal Protection claim asserted in the Amended Complaint." Plaintiff's Motion at 2. Yet, nothing in the RFAs – which seek to "confirm the accuracy (or absence) of public definitions, regulatory duties, and agency practice" will evidence the requisite intent, nor will it show that the initial License denial was not premised on a mistake. Id. at 3. Thus, forcing Defendants to respond to the RFAs would have no bearing on the legal issues at stake here.

Third, Plaintiff would face little prejudice, if any, if the discovery stay were extended or a new stay was granted. A stay of discovery would not unduly delay the outcome of

this case. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." <u>Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citations omitted). Indeed, the resolution of this motion "may obviate the need for potentially onerous discovery." <u>See</u> <u>Josie-Delerme v. Am. Gen. Fin. Corp.</u>, 2008 Civ. 3166 (NG)(MDG), 2009 U.S. Dist. LEXIS 15525, at *5 (E.D.N.Y. 2009).

Thus, Defendants respectfully request that this Court maintain, or grant a new, stay of discovery pending resolution of Defendants' motion to dismiss the Amended Complaint and consequently deny Plaintiff's Motion.

Thank you for your consideration in this matter.

Respectfully submitted,

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-2212

By: _____
Genan F. Zilkha
Assistant Corporation Counsel

CC: Rodney Melvin, Plaintiff *Pro Se*, by ECF

Application granted.  Discovery in this action remains stayed pending the Court's resolution of the pending motion to dismiss. *See* ECF No. 25.

SO ORDERED.

_____
Hon. Ronnie Abrams
April 18, 2025

3

**CERTIFICATE OF SERVICE**

  GENAN F. ZILKHA, an attorney admitted to practice before this Court certifies that I caused the within Letter re: Case No. 24-cv-04118 (RA) to be served by ECF on Plaintiff Rodney Melvin who consented to receive electronic service via the ECF system (see ECF doc. 4) and that I caused copies of decisions that are reported exclusively on computerized databases, to be served on Plaintiff via email at rm77788@aol.com.

Dated: New York, New York
   April 17, 2025

                 BY: _____
                     Genan F. Zilkha